UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT L. IGNASIAK,

      Petitioner,

v.                                                    Case No.:  5:25-cv-172-JLB-PRL

WARDEN, FCC COLEMAN - LOW,

      Respondent.

_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Robert L. Ignasiak's Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2241.   (Doc. 1).   Petitioner alleges the

Federal Bureau of Prisons ("BOP") abused its discretion by placing a Public Safety

Factor ("PSF") of the greatest severity on him, which adversely affects his custody

classification, prison designation, and ability to participate in prison programs.

(*Id.* at 6).   In response, Respondent contends the Petition should be dismissed

because Petitioner has failed to exhaust his administrative remedies or,

alternatively, denied because the Court lacks the authority to grant the relief

Petitioner requests.   (Doc. 5 at 1).   Petitioner filed a reply (Doc. 8) and supplement

(Doc. 10).   Accordingly, the matter is ripe for review.

### I.    Background

Petitioner is serving an aggregate 360-month sentence imposed in the

Northern District of Florida for offenses related to a scheme to defraud Medicaid

and Blue Cross Blue Shield of Florida, as well as failure to appear.   *See United*

*States v. Ignasiak*, Nos. 3:08-cr-27/LAC, 3:13-cr-95/LAC/EMT (N.D. Fla.); *see also United States v. Ignasiak*, 808 F. App'x 709, 712 (11th Cir. 2020) (discussing the procedural history of the 2008 case); *Ignasiak v. Warden, Coleman - Low,* No. 5:24-cv-363-CEM-PRL, Doc. 18 at 1–4 (M.D. Fla. Nov. 13, 2025) (summarizing the procedural history of Petitioner's two cases and post-conviction litigation).   With earned and projected Good Conduct Time credits, Petitioner's projected release date is September 23, 2034.   *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/   (last visited May 29, 2026).

Petitioner challenges the BOP's designation of his PSF and alleges the BOP's policy regarding PSFs is arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act (APA).   (Doc. 1 at 9).   He argues that his claim alters the duration of his confinement because his PSF "renders him ineligible for lower security housing, home confinement placement, and the residential drug abuse treatment program."   (Doc. 8 at 4–5).   Respondent contends that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies.   (Doc. 5 at 3–8).   Alternatively, Respondent contends that the Petition should be denied because custody classification does not alter the duration or fact of a prisoner's confinement.   (*Id.* at 8–12).

## II.   Legal Standards

### a.  Habeas Corpus and Conditions of Confinement Claims

"[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody."   *Preiser v. Rodríguez,* 411 U.S. 475, 484 (1973).   For

example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition, not as a civil rights claim. *See Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997); *Heck v. Humphrey,* 512 U.S. 477, 481 (1994). The only relief available in a habeas action is an immediate or speedier release from custody. *Pierre v. Rivkind*, 825 F.2d 1501, 1504 (11th Cir. 1987) ("The writ of habeas corpus extends only to custody and detention; it cannot address collateral or ancillary forms of administrative relief."); *Cook v. Hanberry,* 592 F.2d 248, 249 (5th Cir. 1979) (noting that "the sole function of habeas corpus is to provide relief from *unlawful* imprisonment or custody, and it cannot be used for any other purpose").

By contrast, a conditions-of-confinement claim is generally not cognizable in a habeas proceeding and should be brought in a civil rights action. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (describing "prisoner classification" as one of the "conditions of confinement" that fall within the discretionary control of federal prison officials). "Case law differs on whether [a claim challenging PSF determination] should be asserted in a § 2241 petition or a civil rights action." *Sutton v. Warden, FCI Aliceville*, No. 7:25-cv-954-AMM-HNJ, 2026 WL 743500, at *4 (N.D. Ala. Jan. 23, 2026) (collecting cases), *report and recommendation adopted sub nom.,* 2026 WL 739149 (N.D. Ala. Mar. 16, 2026).

The Court has not found any Eleventh Circuit precedent squarely addressing this issue. However, the Fifth Circuit has adopted a "'bright-line rule' . . . that if a favorable determination of the prisoner's claim would not automatically entitle him

to accelerated release, then the proper vehicle is a civil rights suit." *Melot v. Bergami,* 970 F.3d 596, 599 (5th Cir. 2020) (citing *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997)).

### III.    Analysis

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago–Lugo v. Warde*n, 785 F.3d 467, 474–75 (11th Cir. 2015).   A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Id.* at 475.   The Court has determined that skipping to Petitioner's merits without reaching the exhaustion requirements is appropriate here.   *See id.*

Under 18 U.S.C. § 3621(b), the BOP shall

> designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the [BOP], place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

Importantly, section 3621(b) provides, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."   *Id.*

The BOP determines the place of imprisonment by evaluating several factors, including facility resources, the nature of the offense, the prisoner's history and

characteristics, statements from the sentencing court, and relevant policy statements from the Sentencing Commission. 18 U.S.C. §§ 3621(b)(1)–5.   To aid in this responsibility, BOP Program Statement 5100.08 provides guidelines for BOP staff to make custody determinations in assessing, under 18 U.S.C. § 3621(b)(3), "the history and characteristics of the prisoner."   This, in turn, influences an inmate's place of imprisonment.   *See* FED. BUREAU OF PRISONS, U.S. DEP'T OF JUST., PROGRAM STATEMENT: INMATE SECURITY DESIGNATION AND CUSTODY CLASSIFICATION 1 (2006), https://www.bop.gov/policy/progstat/5100_008_cn-3.pdf (last accessed May 29, 2026).

As part of this Program Statement, the BOP has adopted PSFs, which the BOP describes as "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." *Id.,* ch. 5, at 7–13.

> [PSFs] "are certain demonstrated behaviors which require increased security measures to ensure the protection of society.   There are nine [PSFs] which are applied to inmates who are not appropriate for placement at an institution which would permit inmate access to the community (i.e., MINIMUM security).   The application of a PSF overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or prior behavior."

*Id.,* ch. 2, at 6.

Notably, BOP Program Statements are "internal agency guidelines," rather than "published regulations subject to the rigors of the [APA]," *Reno v. Koray,* 515 U.S. 50, 61 (1995), and thus "do not create entitlements enforceable under the

5

APA," *Robinson v. Sherrod*, 631 F.3d 839, 842 (7th Cir. 2011). *See also Sepulveda v. Warden Canaan USP,* 645 F. App'x 115, 118 n.2 (3d Cir. 2016) ("A habeas claim under § 2241 cannot be sustained based solely on the BOP's alleged violation of its own Program Statements inasmuch as the Program Statements are not mandated by statute or the Constitution[.]"); *Le v. Augustine,* No. 5:12-cv-377/LAC/EMT, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) ("A claim that the BOP violated its own Program Statements, when the Program Statements were not mandated by statute or the constitution, does not constitute a violation of federal law; therefore, it cannot be sustained in a habeas petition.") (citation omitted).

And even if the Program Statement were reviewable, Petitioner may not challenge the BOP's determination of his PSF under the APA. Congress, by enacting 18 U.S.C. § 3625, explicitly precluded judicial review under the APA over certain "prisoner claims challenging security classifications, housing designations, and similar decisions made by the BOP." *Landis v. Moyer*, 610 F. Supp. 3d 649, 656 (M.D. Pa. 2022) (citations omitted); *See also Sills v. FCI Talladega Warden,* No. 22-12656, 2023 WL 1775725, at *4 n.3 (11th Cir. Feb. 6, 2023) ("Notably, § 3625 expressly exempts the BOP's prisoner-placement and prerelease-custody decisions, including home confinement, from judicial review under the [APA]."). Specifically, judicial review is precluded under the APA for BOP determinations under section 3621 involving the place of imprisonment and under section 3624 involving the release of prisoners. *See* 18 U.S.C. § 3625. "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary

6

determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

In any event, Petitioner's allegations regarding his PSF classification do not present a constitutional claim because he does not have a liberty interest in his custodial classification, *Jennings v. Fed. Bureau of Prison*s, 344 F. App'x 954, 955 (5th Cir. 2009) ("An inmate lacks any constitutional interest in custodial classification, and his disagreement with his classification is insufficient to state a constitutional violation.") (citation omitted), rehabilitative programs, *Moody*, 429 U.S. at 88 n.9 (noting that federal prisoners have no due process right to rehabilitative programs), or placement in a particular facility, *Williams v. Flournoy,* 732 F. App'x 810, 812 (11th Cir. 2018) (noting that a federal inmate does not have "right to transfer to a particular institution of his choosing").

In sum, Petitioner's challenge to his PSF score is not properly brought in this habeas action, and his attempt to challenge the BOP's internal guidance under the APA is precluded.

## IV.   Conclusion

The Court concludes that Petitioner's claims are not properly brought in a habeas action.   Because the relief Petitioner seeks would not result in his speedier release from custody, the petition is dismissed.[1]

Accordingly, it is

**ORDERED:**

1. The Petition (Doc. 1) is **DISMISSED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 29th day of May, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition.   *Schriro v. Landrigan, 550* U.S. 465, 474 (2007).   Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.   *Schriro*, 550 U.S. at 474.